# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 2, 2010

No. 09-10339
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODOLFO CASTILLO, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-166-4

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rodolfo Castillo, Jr., pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of a substance containing cocaine and received a sentence of 170 months in prison. On appeal, he challenges the validity of his sentence. Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), we determine whether

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the sentence imposed is procedurally sound and whether the sentence is substantively reasonable. On appeal, Castillo challenges only the procedural reasonableness of his sentence, asserting that the district court erred in calculating the applicable guidelines range. *See Gall*, 552 U.S. at 51.

Castillo admitted at his guilty plea that he had participated in a transaction involving 16 kilograms of cocaine. He argues on appeal that the district court erred in holding him responsible for an additional 15.5 kilograms of cocaine and for 61 pounds of marijuana, listed in the presentence report (PSR). He maintains that the information about this relevant conduct, obtained from coconspirator Rolando Rodriguez, should not have been considered because Rodriguez had a motivation to embellish the pertinent drug quantities and because the information constituted uncorroborated hearsay. The district court may rely on the information in a PSR in the absence of rebuttal evidence. *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009). "Mere objections do not suffice as competent rebuttal evidence." *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998). A district court may consider uncorroborated hearsay evidence during sentencing proceedings. *United States v. West*, 58 F.3d 133, 138 (5th Cir. 1995). Castillo has not established that the district court clearly erred in accepting the information listed in the PSR relating to the pertinent drug quantity. *See United States v. Posada-Rios*, 158 F.3d 832, 878 (5th Cir. 1998). Moreover, even if the relevant conduct were not considered, the drug quantity admitted by Castillo at his rearraignment would have resulted in the same base offense level the district court applied here. As Castillo has not established that he is entitled to relief, the judgment of the district court is AFFIRMED.